Matter of Parker (2017 NY Slip Op 09132)





Matter of Parker


2017 NY Slip Op 09132


Decided on December 27, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 27, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
RUTH C. BALKIN
HECTOR D. LASALLE, JJ.


2017-04934

[*1]In the Matter of Robert H. Parker, admitted as Robert Hayes Parker, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Robert H. Parker, respondent. (Attorney Registration No. 4064903)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion of this Court dated September 20, 2017, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5), and the matter was referred to David I. Ferber, Esq., as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 24, 2002, under the name Robert Hayes Parker.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 19, 2017, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts personally served the respondent with a notice of petition dated May 9, 2017, and a verified petition dated April 28, 2017, and duly filed those papers with this Court together with an affidavit of service. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. The verified petition contains three charges, alleging, inter alia, that the respondent misappropriated a $98,000 down payment entrusted to him by Rose Cheng in a real estate transaction, and failed to cooperate with the Grievance Committee in its investigations of complaints of professional misconduct filed by Ms. Cheng, Thomas Tang, Andrew Shaw, Esq., Kwang Paschall, and Tina Armstrong. By decision and order on motion of this Court dated September 20, 2017, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5) based on his failure to cooperate with the Grievance Committee in the aforesaid investigations and uncontroverted evidence of his misappropriation of Ms. Cheng's down payment. To date, the respondent has neither served or filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established and to impose such discipline upon him as this Court deems appropriate based upon his default. Although the motion papers were served upon the respondent on August 15, 2017, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name [*2]is stricken from the roll of attorneys and counselors-at-law.
ENG, P.J., MASTRO, RIVERA, BALKIN and LASALLE, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert H. Parker, admitted as Robert Hayes Parker, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Robert H. Parker, admitted as Robert Hayes Parker, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Robert H. Parker, admitted as Robert Hayes Parker, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert H. Parker, admitted as Robert Hayes Parker, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court